FILED
JUL 20 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

PFIZER INC., PFIZER LIMITED and PFIZER IRELAND PHARMACEUTICALS,

Plaintiffs and Counterclaim Defendants,

v.

TEVA PHARMACEUTICALS USA, INC.,

Defendant and Counterclaim Plaintiff.

Civil Action No. 2:10-cv-128-RBS-FBS

**STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiffs Pfizer Inc., Pfizer Limited and Pfizer Ireland Pharmaceuticals (collectively "Pfizer"), Defendant Teva Pharmaceuticals USA, Inc. ("Teva") (collectively, the "parties," and individually, a "party"), third parties and third-party witnesses possess confidential documents, things and information that may be disclosed in response to discovery requests or otherwise in this action, and that must be protected to preserve the legitimate business and other interests of the parties and third parties, and

WHEREAS, the parties have, through their respective counsel, stipulated to the entry of this Protective Order to prevent unnecessary dissemination or disclosure of such confidential documents, things and information and to limit access to and use of such documents, things and information,

IT IS HEREBY ORDERED that:

**Definitions**

a. The term "Confidential Information" as used in this Order shall mean and include all information that the designating party believes constitutes, discloses or relates to processes, operations, research, technical or developmental information, production, business, marketing, sales, shipments, regulatory or other proprietary data or information of commercial value, including, but not limited to, trade secrets. It may include, without limitation, documents, things and information produced in this action in connection with formal discovery or otherwise; documents, things and information produced by third parties that the producing or designating party is under an obligation to maintain in confidence; answers to interrogatories and responses to requests for admission or other discovery requests; deposition testimony and transcripts; and tangible things or objects that are designated confidential pursuant to this Order. The information contained therein and all samples, copies, abstracts, excerpts, analyses or other writings that contain, reflect, reveal, suggest or otherwise disclose such Confidential Information shall also be deemed Confidential Information. Documents, things and information originally designated as Confidential Information pursuant to this Order shall not retain Confidential status after any ruling by any Court denying such status.

b. The term "Highly Confidential Information" as used in this Order shall mean and be limited to: (1) confidential, unpublished patent applications and their prosecution histories; (2) information relating to unmarketed products and products under development other than the products that are the subject of NDA No. 20-895 and ANDA No. 77-342; (3) future business or marketing plans or strategies for existing products; and (4) regulatory plans or strategies for existing products, including products that are the subject of NDA No. 20-

895 and ANDA No. 77-342, to the extent such plans or strategies have not been communicated to the U.S. Food and Drug Administration ("FDA").

c. The term "designating party" shall mean the party or third party producing or designating documents, things or information as Confidential or Highly Confidential Information under this Order.

d. The term "receiving party" shall mean any person to whom Confidential or Highly Confidential Information is disclosed in accordance with the terms of this Order.

**Designation of Confidential and Highly Confidential Information**

2. Any party or third party that produces or discloses any documents, things or information that it believes in good faith constitutes Confidential or Highly Confidential Information shall designate the same by marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on all documents and things containing such information.

3. If a producing party elects to produce original files, records or things for inspection and the inspecting party desires to inspect those files, records or things, no confidentiality designations need be made by the producing party in advance of the initial inspection. The party inspecting such files, records or things nevertheless shall maintain the confidentiality of all original files and records that it reviews on an Outside Attorney's-Eyes-Only basis. Thereafter, upon selection by the inspecting party of specific documents and things for copying, the producing party shall mark copies of such documents and things that contain Confidential or Highly Confidential Information with the appropriate designation at the time the copies are produced to the inspecting party.

4. If any Confidential or Highly Confidential Information is produced by a third party to this action, such third party shall be considered a "designating party" within the meaning of that term as it is used in the context of this Order; both parties to this Order shall be treated as receiving parties.

5. Confidential or Highly Confidential Information that originated with a third party and is subject to the terms of any confidentiality obligation to that third party, may be designated "Confidential Information" or "Highly Confidential Information", and shall, once designated, be subject to the restrictions on disclosure specified in Paragraphs 7 and 8 herein.

6. In the event any party or third party produces Confidential or Highly Confidential Information that has not been designated "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER," or if the producing party or third party has not correctly designated such information, the producing party or third party may designate or redesignate the information to the same extent as it could have designated the information before production by a subsequent notice in writing specifically identifying the newly designated or redesignated information accompanied by a replacement set of such undesignated or misdesignated documents or things bearing a "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER" designation thereon, in which event the parties thereafter shall treat such information in accordance with the terms of this Protective Order, and shall use their best efforts to correct any prior disclosure of such information that is inconsistent with the new designation or redesignation. Further, the receiving party shall immediately return the documents and things that lacked or were incorrectly marked with the "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL--SUBJECT TO

PROTECTIVE ORDER" designation to the producing party upon receipt of the replacement set of documents or things bearing the new or corrected designation (or no designation, if appropriate). No showing of error, inadvertence or excusable neglect shall be required for any such new or corrected designation.

**Disclosure of Confidential Information**

7. Documents, things and information designated "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER" shall not be given, shown, made available, communicated or otherwise disclosed in any way to any person or entity other than the following:

a. Litigation counsel for Pfizer:

i. Kaye Scholer LLP

ii. Willcox & Savage

b. Litigation counsel for Teva:

i. Goodwin Procter LLP

ii. Hunton & Williams LLP

c. Members or employees of any of the foregoing law firms assisting in this action, as well as any independent litigation support providers retained by such firms to assist in this litigation (e.g., outside copy services, graphic artists, visual aid providers and the like).

d. The Court and Court personnel and stenographic/videographic reporters and translators at depositions taken in this action.

e. The specific in-house counsel listed below, as well as the non-lawyer employees within their respective legal departments who assist them, shall be permitted access to Confidential Information, provided, however, that the in-house counsel shall, for the

duration of this action and a period of two years after this action is concluded, not be involved in (i) the preparation or prosecution of any patent applications relating to sildenafil, or (ii) the preparation of any communications with FDA relating to Teva's ANDA No. 77-342 or Pfizer Ireland Pharmaceutical's NDA No. 20-895:

    i.    For Pfizer: Jeffrey Myers, Lou Silvestri and Jeff Rennecker;

    ii.    For Teva: David M. Stark, Staci L. Julie and Jonathan R. Wise

f.    Independent consultants or experts and their staff not employed by or affiliated with a party or with a party's licensee or licensor, retained by the attorneys for a party either as technical consultants, expert consultants or expert witnesses for purposes of this action, provided that (i) such persons have complied with the procedure set forth in Paragraph 14 herein, and (ii) agree in writing to be bound by the provisions of this Protective Order, in the form of the Declaration of Compliance attached as Exhibit A.

g.    Any person identified on the face of a document or thing as an author, sender, addressee, recipient, carbon copy recipient or blind copy recipient.

h.    The list of persons to whom Confidential Information may be disclosed may be expanded or modified by mutual agreement of counsel for the designating party and the receiving party in writing, without any modification of this Order.

i.    The receiving party shall give notice of this Protective Order and advise any person allowed access to Confidential Information of that person's obligation to comply with the terms of this Order before said person is given access to any Confidential Information.

**Disclosure of Highly Confidential Information**

8. Access to and use of Highly Confidential Information shall be governed by all of the requirements and limitations set forth in Paragraph 7 relating to the disclosure of Confidential Information, except that Highly Confidential Information shall be disclosed by the receiving party only to the individuals identified in subparagraphs (a), (b), (c), (d), (f) and (g) of Paragraph 7.

**No Waiver of Privilege or Immunity; Return of Privileged Documents and Irrelevant Documents**

9. Inadvertent production of documents, things or information subject to attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of, and shall not otherwise prejudice any claim that such material or related material is privileged, protected as attorney work product, or is otherwise immune from discovery, provided that the producing party or third party notifies the receiving party in writing promptly after discovery of such inadvertent production. Such inadvertently produced documents and things and all copies thereof shall promptly be returned to the producing party or third party upon request. After a request for the return of inadvertently produced documents and things is made by a producing party or third party, no use shall be made of such documents and things other than to challenge the propriety of the asserted privilege or immunity, nor shall they be shown or disclosed to any person who had not already been given access to them before receipt of the request to return them. No demonstration or proof of error, inadvertence, excusable neglect, or absence of negligence shall be required of the producing party or third party in order for such party to avail itself of the protection and provisions of this paragraph.

10. A producing party or third party may request the return of any inadvertently produced documents or things that bear no relevance to any claim or defense in this

action. If the receiving party agrees that any such documents or things are irrelevant to the action, it promptly shall return the documents and things and all copies thereof to the producing party or third party. The receiving party shall promptly notify the producing party or third party if it believes that any such documents or things are in fact relevant to the subject matter involved in this action. If after meeting and conferring, the parties are unable to agree about the relevance of any such documents or things, the producing party or third party may seek an Order from the Court for the return of the documents or things.

**Use and Control of Confidential and Highly Confidential Information**

11. All Confidential and Highly Confidential Information disclosed pursuant to this Order shall be used by any recipient thereof solely for purposes of this action, and not for any business or competitive or other purposes. It shall be the duty of each party and each individual having notice of this Protective Order to comply with the terms of this Order from the time of such notice.

12. All deposition testimony shall be treated as "HIGHLY CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER" without regard to whether a designation of confidentiality was made on the record or otherwise, and shall be subject to this Order, unless and until the receiving party makes a request to the party or third party producing the witness or counsel for the witness to release the deposition or any portion thereof from Highly Confidential treatment, and only if, and to the extent, the party or third party producing the witness or counsel for the witness agrees in writing to the modification of treatment of all or part of the transcript, or unless the Court so orders. Upon receipt of such a request from the receiving party, the producing party shall respond within ten (10) calendar days by designating the deposition testimony at issue as Confidential Information or Highly Confidential Information, or by stating that it is not designating such testimony under either level of

confidentiality. If the party or third party producing the witness or counsel for the witness fails to respond to such a request within ten (10) calendar days, or if the receiving party disagrees with the producing party's or third party's designation, the parties shall promptly meet and confer in an effort to resolve the issue, after which the receiving party may move the Court for an order releasing the requested transcript or portion thereof from Confidential or Highly Confidential treatment.

13. All Confidential and Highly Confidential Information that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential or Highly Confidential Information, shall be filed under seal in accordance with the procedures set forth in Local Civil Rule 5. -RBS *

14. Before any person may be given access to Confidential or Highly Confidential Information under Paragraph 7(f), the party seeking to provide such access must give written notice to the attorneys for the designating party or third party of the intention to make such disclosure, providing the name, address and a resume of the background and qualifications of the person to whom disclosure is proposed. Within seven (7) calendar days after the service of such written notice, the designating party or third party may object to such disclosure by service of a written notice of objection on the attorneys for the party seeking to make the disclosure, stating the reasons for the objection. No disclosure of Confidential or Highly Confidential Information to any such person may occur prior to the expiration of seven (7) calendar days after the date of service of the written notice of intent to disclose unless consent is granted earlier by the designating party or third party. If the designating party or third party gives notice of objection to disclosure, the parties shall promptly meet and confer in an effort to resolve the objection. If the designating party or third party maintains its objection, the

designating party or third party may move the Court for an order denying disclosure of any Confidential or Highly Confidential Information to the person as to whom the objection was served. If the designating party or third party files such a motion, Confidential and Highly Confidential Information shall not be disclosed to the person as to whom the objection was served until the Court rules or agreement is reached that such disclosure may be made. Failure to file such a motion within fourteen (14) calendar days after the designating party's or third party's service of the objection on the receiving party shall operate as a waiver of any objection.

15.    Nothing in this Protective Order shall prevent or otherwise restrict counsel for a party from rendering legal advice to such party with respect to the action, and in the course thereof, relying upon an examination of Confidential or Highly Confidential Information; provided, however, that in rendering such advice and in otherwise communicating with the party, counsel shall not disclose Confidential or Highly Confidential Information to unauthorized persons.

16.    Nothing in this Protective Order shall prevent any party or third party from disclosing its own Confidential or Highly Confidential Information in any manner that it considers appropriate. Additionally, counsel for either party shall be entitled to show or use Confidential or Highly Confidential Information obtained from another party or third party, during examination, either at deposition or at any hearing or trial, of any officer, employee or retained expert of the designating party. Counsel for either party shall also be entitled to show or use Confidential or Highly Confidential Information obtained from another party or third party, during examination, either at deposition or at any hearing or trial, of any person who is an author, sender, addressee, recipient, carbon copy recipient or blind copy recipient of the Confidential or Highly Confidential Information.

17. If a party intends to reveal Confidential or Highly Confidential Information of another party or third party at a trial, court appearance or hearing that is open to the public, the party intending to reveal such Confidential or Highly Confidential Information shall provide notice and opportunity to object, unless consent from the designating party or third party previously has been obtained.

**Duration of Order; Objections and Modifications**

18. This Protective Order shall remain in force and effect until modified, superseded or terminated by Order of this Court, which may be entered pursuant to agreement of the parties hereto. This Protective Order shall continue in effect after the conclusion of this action and shall continue to be binding upon all persons to whom Confidential or Highly Confidential Information is disclosed hereunder.

19. Upon final termination of this action (including all appeals), the receiving party shall, within sixty (60) calendar days after such termination, either return to the designating party or third party, or destroy all Confidential and Highly Confidential Information in its possession. In either event, the receiving party shall describe the materials returned or destroyed and certify their return or destruction, with the exception that outside counsel and the persons identified in Paragraph 7(e) may retain copies of the pleadings or other papers filed with the Court or served in the course of the action, and outside counsel may in addition retain one file copy of all documents and things produced in the course of discovery, including deposition transcripts, deposition exhibits, the trial record and all work product. Nothing herein shall restrict the ability of the parties or their counsel to retain information, documents or things that were not designated Confidential or Highly Confidential Information by the producing party or third party.

20. If a receiving party learns that Confidential or Highly Confidential Information produced to it is disclosed to or comes into the possession of any person other than in a manner authorized by this Order, the receiving party responsible for the unauthorized disclosure immediately shall inform the designating party or third party of such unauthorized disclosure and shall make a good faith effort to retrieve any documents or things so disclosed and to prevent further disclosure by each unauthorized person who received such information.

21. Any receiving party may at any time request that the designating party or third party remove the Confidential or Highly Confidential Information designation with respect to any document, thing or information. Such requests shall be served on counsel for the designating party or third party, and shall particularly identify the designated Confidential or Highly Confidential Information that the receiving party contends is not Confidential or Highly Confidential Information and the reasons supporting its contention. If the designating party or third party does not agree to remove the Confidential or Highly Confidential Information designation within fourteen (14) calendar days, then the party contending that such documents, things or information are not Confidential or Highly Confidential Information may file a motion to remove such documents, things or information from the restrictions of this Order.

**Miscellaneous**

22. This Protective Order may be modified only by written agreement of the parties or further order of the Court, and shall not prejudice the rights of any party or third party to seek additional or different relief from the Court that is not specified in this Order.

23. The designation by counsel for the designating party or third party of any document, thing or information as constituting or containing Confidential or Highly Confidential Information is intended solely to facilitate the preparation and trial of this case, and such designation shall not be construed in any way as an admission or agreement by any party that

such document, thing or information constitutes or contains any Confidential or Highly Confidential Information as a matter of law.

24.     In the event Confidential or Highly Confidential Information disclosed during the course of this action is sought by any person or entity not a party to this action, whether by subpoena in another action or service with any legal process, the person or entity receiving such subpoena or service shall promptly notify in writing outside counsel for the designating party or third party if such subpoena or service demands the production of Confidential or Highly Confidential Information of such designating party or third party, such that the designating party or third party has sufficient opportunity to object to the requested disclosure. Any such person or entity seeking such Confidential or Highly Confidential Information by attempting to enforce such subpoena or other legal process shall be apprised of this Protective Order by outside counsel for the person or entity upon whom the subpoena or process was served. Nothing herein shall be construed as requiring any person or entity covered by this Protective Order to contest a subpoena or other process, to appeal any Order requiring production of Confidential or Highly Confidential Information covered by this Protective Order, or to subject itself to penalties for non-compliance with any legal process or order.

25.     In the event any person or entity covered by this Protective Order shall violate or threaten to violate the terms of this Protective Order, the aggrieved party or third party immediately may apply to obtain injunctive relief against any such person or entity violating or threatening to violate any of the terms of this Protective Order, and in the event that the aggrieved party or third party does so, the responding person or entity, subject to the provisions of this Stipulated Protective Order, shall not employ as a defense thereto the claim that the aggrieved party or third party possesses an adequate remedy at law.

26. Nothing in this Protective Order shall prevent any party or third party from seeking additional or different relief from the Court that is not specified in this Order.

27. The section titles in this Protective Order are for convenience of organization only, and are not part of, nor are they relevant to the construction of this Order.

**SO STIPULATED:**

Dated: July 15, 2010

WILLCOX & SAVAGE

Conrad M. Shumadine
One Commercial Place
Suite 1800
Norfolk, VA 23510
(757) 628-5500 telephone
(757) 628-5566 facsimile
Email: cshumadine@wilsav.com

Coke Morgan Stewart (Va. Bar. 41933)
R. Williams Sigler (Va. Bar No. 65940)
KAYE SCHOLER
The McPherson Building
901 Fifteen Street, NW
Washington, DC 20005
(202) 682-3500 telephone
(202) 682-3580 facsimile
Email: coke.stewart@kayescholer.com
Email: bill.sigler@kayescholer.com

*Of Counsel:*
Aaron Stiefel
Daniel P. DiNapoli
Soumitra Deka
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
(212) 836-8000 telephone
(212) 836-8689 facsimile
Email: asteifel@kayescholer.com
Email: ddinapoli@kayescholer.com
Email: sdeka@kayescholer.com

*Attorneys for Plaintiffs Pfizer Inc., Pfizer Limited and Pfizer Ireland Pharmaceuticals*

Dated: July 19, 2010

HUNTON & WILLIAMS LLP

Gregory N. Stillman (VSB #14308)
Brent L. VanNorman (VSB #45956)
HUNTON & WILLIAMS LLP
500 East Main Street, Suite 1000
Norfolk, Virginia 23510
(757) 640-5300 telephone
(757) 625-7720 facsimile
Email: gstillman@hunton.com
bvannorman@hunton.com

*Of Counsel:*
GOODWIN PROCTER LLP
Kevin J. Culligan (admitted *pro hac vice*)
David M. Hashmall (admitted *pro hac vice*)
John P. Hanish (admitted *pro hac vice*)
Keith A. Zullow (admitted *pro hac vice*)
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800
kculligan@goodwinprocter.com
dhashmall@goodwinprocter.com
jhanish@goodwinprocter.com
kzullow@goodwinprocter.com

*Counsel for Defendant and Counterclaim Plaintiff Teva Pharmaceuticals USA, Inc.*

SO ORDERED this 20th day of July, 2010:

/s/
Rebecca Beach Smith
United States District Judge

UNITED STATES DISTRICT COURT JUDGE

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| PFIZER INC., PFIZER LIMITED and PFIZER IRELAND PHARMACEUTICALS, | ) | |
| Plaintiffs and Counterclaim Defendants, | ) | Civil Action No. 2:10 cv-128 RBS-FBS |
| v. | ) | |
| TEVA PHARMACEUTICALS USA, INC., | ) | |
| Defendant and Counterclaim Plaintiff. | ) | |

**DECLARATION OF COMPLIANCE**

I, ______________________ do declare and state as follows:

1. I live at ________________________. I am employed as (state position) ________________________ by (state name and address of employer) ________________________.

2. I have read the Protective Order entered in this case, a copy of which has been given to me.

3. I understand and agree to comply with and be bound by the provisions of the Protective Order and consent to the jurisdiction of the United States District Court for the Eastern District of Virginia, Norfolk Division to enforce the terms of the Protective Order,

including that upon receipt of any Confidential or Highly Confidential Information, I will be personally subject to it, and to all of its requirements and procedures.

4. Further, I declare, as provided by 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this _____day of __________, 20__.

_______________________________
(Signature)